unilateral action in its ordinary course of business. (Affidavit of Donald G. Ferguson, Record at 65). Thus, the presence of that property in Missouri fails to confer jurisdiction upon Missouri because:

> The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

*Hanson v. Denckla*, 357 U.S. at 253, 78 S.Ct. at 1239–40. Furthermore, the Vanderbilt Gold stock which was attached in Missouri had no relationship to the controversy or litigation in this case. The shares of Vanderbilt Gold were merely property seized to support the claim of jurisdiction. In *Shaffer v. Heitner*, the Supreme Court discussed the situation where property is attached in aid of jurisdiction and is completely unrelated to the cause of action. The Court recognized that the presence of such property in a state "might suggest the existence of other ties among the defendant, the State, and the litigation." *Shaffer*, 433 U.S. at 209, 97 S.Ct. at 2582. Nevertheless, considering the lack of other ties to the state, "the presence of the property alone would not support the State's jurisdiction." *Id.* The only claims of "other ties" here, as previously noted, are Newhard's assertions that Inspired Life had notice of the presence of the shares in Missouri and did not object. As we have already observed, this does not establish that Inspired Life purposefully availed itself of the privilege of conducting activities in Missouri.

Newhard relies heavily on *Drexel Burnham Lambert, Inc. v. D'Angelo*, 453 F.Supp. 1294 (S.D.N.Y.1978), to support the exercise of jurisdiction in this case. This reliance is misplaced. The *Drexel* court found that the plaintiff's "activities in New York [were] carried out at defendants' direction," *id.* at 1298, and that "[d]efendants

requested plaintiff to perform acts in New York," *id.* In the case at bar, there was no such directive or request. (Affidavit of Douglas McQuistan, Record at 44).

Accordingly, we are persuaded that "traditional notions of fair play and substantial justice," *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158 (quoting *Milliken*, 311 U.S. at 463, 61 S.Ct. at 343), would be offended by a court in Missouri exercising jurisdiction in this case. We affirm the district court's order granting Inspired Life's motion to dismiss for lack of personal jurisdiction because such an exercise of jurisdiction in this case would violate due process.

**Bob GEARY; Robert Silvestri; Dennis Mark; Melissa Gundrun; Wayne Johnson; David Soule; Max Woods; Peter Johnson; Robert Gebert; Election Action; Terence Faulkner; and Sudi Trippet, Plaintiffs–Appellees,**

v.

**Louise RENNE, San Francisco City Attorney; Dianne Feinstein, San Francisco Mayor; Board of Supervisors, City and County of San Francisco; City and County of San Francisco, and Jay Patterson, San Francisco Registrar of Voters, Defendants–Appellants.**

No. 88–2875.

United States Court of Appeals,
Ninth Circuit.

Feb. 6, 1990.

Before GOODWIN, Chief Judge, and BROWNING, WALLACE, HUG, TANG, SCHROEDER, FLETCHER, FARRIS, PREGERSON, ALARCON, POOLE, NELSON, CANBY, NORRIS, REINHARDT, BEEZER, HALL,

WIGGINS, BRUNETTI, KOZINSKI, NOONAN, THOMPSON, O'SCANNLAIN, LEAVY, TROTT, FERNANDEZ and RYMER, Circuit Judges.

Upon the vote of a majority of nonrecused regular active judges of this court, it is ordered that this case be reheard by the en banc court pursuant to Circuit Rule 35–3.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William Lawrence POTTER,
Defendant–Appellant.**

No. 88–1497.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 16, 1989.

Decided Feb. 7, 1990.